IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SLN I PARTNERS LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) ) |
| SERENDIPITY LABS FRANCHISE INTERNATIONAL, LLC, and SERENDIPITY LABS, INC. | ) Civil Action No. ) ) ) |
|     Defendants. | ) ) ) |

**VERIFIED COMPLAINT FOR (I) BREACH OF CONTRACT; (II) CONVERSION; (III) INJUNCTIVE RELIEF; AND (IV) ACCOUNTING**

Plaintiff, SLN I Partners LLC ("SLN" or "Plaintiff"), by and through counsel, files this Verified Complaint for (1) Breach of Contract, (2) Conversion, (3) Injunctive Relief and (4) Accounting against Defendant Serendipity Labs Franchise International, LLC ("SLFI") and Defendant Serendipity Labs, Inc. ("SLI") (collectively "Serendipity Labs" or "Defendants") showing the Court as follows:

**PARTIES**

1. SLN is a Delaware limited liability company with its principal office in Memphis, Tennessee. SLN has seven members. Six members are citizens of Tennessee and the seventh member is a Tennessee limited liability company with two individual members who are Tennessee and Mississippi citizens respectively.

2. SLFI is a Delaware limited liability company with its principal office in Rye, New York. Upon information and belief, SLFI is a wholly-owned subsidiary of SLI. SLFI may be

1

served legal process through its registered agent, Registered Agent Solutions, Inc., 9 E. Loockerman St., Suite 311, Dover, DE 19901.

3. SLI is a Delaware corporation with its principal place of business in Rye, New York. SLI may be served legal process through its registered agent, Registered Agent Solutions, Inc., 9 E. Loockerman St., Suite 311, Dover, DE 19901.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction. The Court has diversity jurisdiction under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5. Venue and personal jurisdiction of this matter are both proper in the Northern District of Georgia (Atlanta Division) as the parties expressly and irrevocably consented to the exclusive jurisdiction of the federal and state courts of general jurisdiction in Atlanta, Georgia. (*See* Exhibit 1 Franchise Agreement: Section 26 – Dispute Resolution, Subsection 26.2 - Consent to Jurisdiction). Furthermore, the parties waived any objections to the venue of these courts. (*See* Exhibit 1 Franchise Agreement: Section 26 – Dispute Resolution, Subsection 26.6 – Waiver).[1]

## BACKGROUND

6. On or about June 30, 2016, SLN and SLFI entered into a Franchise Agreement (the "Franchise Agreement") with SLN as the "Franchisee" and SLFI as the "Franchisor". The Franchise Agreement is hereto attached as Exhibit 1. Serendipity Labs is in the business of

---

[1] The Franchise Agreement additionally states that the parties agree that any dispute concerning the Franchise Agreement shall be resolved by binding arbitration, initiated at and supervised by the American Arbitration Association ("AAA") office in Atlanta, Georgia but that nothing in the arbitration provision shall prevent either party from obtaining temporary, preliminary or permanent injunctive relief, without bond, from a court or agency of competent jurisdiction against actual or threatened conduct causing loss or damage that can be remedied under usual equity rules. (*See* **Exhibit 1** Franchise Agreement: Section 26 – Dispute Resolution, Subsection 26.3 - Arbitration).

providing professional workplaces to members/clients at various locations owned by it or its franchisees.

7.	The Franchise Agreement states: "[a] Corporate Account Servicing Fee shall not be payable if the Franchised Business has provided Business Services to the Client within the 12-month period prior to execution of the first Corporate Account Agreement with the Client, or if the Client is obtaining Business Services from fewer than 5 SERENDIPITY LABS Businesses." (*See* Exhibit 1 - Franchise Agreement at 29, Section 12 – Corporate Account Programs.

8.	The Franchise Agreement also states: "[n]o amendment, change or variance from this Agreement shall be binding on any party unless mutually agreed to by all of the parties and executed by their authorized officers or agents in writing." (*See* Exhibit 1 - Franchise Agreement at 55, Section 25.2 – Integration).

9.	On or about February 15, 2019, SLI and Amazon.com Services, Inc. ("Amazon") entered into a Corporate Services Agreement (the "Corporate Services Agreement") pursuant to which Serendipity Labs would provide workplace accommodations to the client, Amazon, through one of its franchised locations.

10.	SLN is not a party to the Corporate Services Agreement.

11.	Pursuant to the Corporate Services Agreement, (i) SLN, as the owner of the Serendipity workplace located in Nashville, Tennessee (the "Nashville Lab"), (ii) Amazon, as the client or customer, and (iii) SLI entered into Member Services Work Orders (the "Work Orders") for Amazon's use of the Nashville Lab.  The Work Orders are collectively attached hereto as Exhibit 2.

12.	Each Work Order states "[n]otwithstanding anything contained herein, Serendipity Labs and Lab Owner [SLN] agree that nothing in the Agreement [Corporate Services Agreement]

3

including all exhibits and attachments shall be construed as amending or revising the terms of any prior agreements between Serendipity Labs and Lab Owner which shall govern and control with respect to any dispute between Lab Owner and Serendipity Labs, Inc. (*See* Exhibit 2 – Work Orders, at 1).

13. Amazon has never obtained business services from five or more Serendipity Labs locations pursuant to the Corporate Services Agreement.

14. Under the Franchise Agreement, because Amazon "is obtaining Business Services from fewer than 5 SERENDIPITY LABS", SLN does not owe a Corporate Account Servicing Fee to Serendipity Labs. (*See* Exhibit 1 - Franchise Agreement at 29, Section 12 – Corporate Account Programs).

15. Pursuant to the Corporate Services Agreement, Amazon pays for the use of the Nashville Lab directly to Serendipity Labs.

16. The Franchise Agreement states "Franchisor [SLFI] may invoice and collect some or all amounts due from Corporate Account Clients [Amazon] for Business Services provided by the Franchised Business [SLN]. In such instances, Franchisor shall remit collected amounts to the Franchised Business within the earlier of (i) 15 days after collection, net of applicable Corporate Account Servicing Fees, National Marketing Support Fund contributions and any direct costs of collection, or (ii) 30 days after the subject Corporate Account Clients receive Business Services at the Franchised Business." (*See* Exhibit 1 - Franchise Agreement at 29-30, Section 12 – Corporate Account Programs).

17. On or about March 1, 2019, Serendipity Labs invoiced (Invoice # 108) and took from SLN the amount of $5,620.00 for "Other Partner Fee."

18. On or about May 1, 2019, Serendipity Labs invoiced (Invoice #s 112 and 123) and took from SLN the amount of $3,620.00 twice, both for "Other Partner Fee."

19. On or about June 1, 2019, Serendipity Labs invoiced (Invoice # 295) and took from SLN the amount of $5,620.00 for "Other Partner Fee."

20. On or about July 1, 2019, Serendipity Labs invoiced (Invoice # 296) and took from SLN the amount of $5,620.00 for "Other Partner Fee."

21. On or about August 1, 2019, Serendipity Labs invoiced (Invoice # 408) and took from SLN the amount of $5,620.00 with nothing in the description or memo.

22. On or about September 1, 2019, Serendipity Labs invoiced (Invoice # 475) and took from SLN the amount of $5,620.00 for "Other Partner Fee."

23. On or about October 1, 2019, Serendipity Labs invoiced (Invoice # 498) SLN and took from the amounts of $9,240.00 for "Other Partner Fee" and $1,510.00 for "Corporate Placement Fee."

24. On or about September 30, 2019, Serendipity Labs invoiced (Invoice # 499) and took from SLN the amounts of $1,510.00 for "Other Partner Fee", $1,510.00 for "Corporate Placement Fee" and $97.00 for "Corporate Placement Fee."

25. On or about October 3, 2019, SLN contacted Serendipity Labs and disputed the "Other Partner Fee" and "Corporate Placement Fee" being charged to SLN.

26. On or about November 1, 2019, Serendipity Labs invoiced (Invoice # 675) and took from SLN the amounts of $9,240.00 and $1,510.00 both for "Corporate Placement Fee."

27. On or about December 1, 2019, Serendipity Labs invoiced (Invoice # 807) and took from SLN the amounts of $9,240.00 and $1,510.00 both for "Corporate Placement Fee."

28. On or about January 1, 2020, Serendipity Labs invoiced (Invoice # 929) and took from SLN the amounts of $9,240.00 and $1,510.00 both for "Corporate Placement Fee."

29. On or about February 1, 2020, Serendipity Labs invoiced (Invoice # 1004) and took from SLN the amounts of $9,240.00 and $1,510.00 both for "Corporate Placement Fee."

30. On or about March 1, 2020, Serendipity Labs invoiced (Invoice # 1090) and took from SLN the amounts of $9,240.00 and $1,510.00 both for "Corporate Placement Fee."

31. On or about April 1, 2020, Serendipity Labs invoiced (Invoice # 1185) and took from SLN the amounts of $9,518.00 and $1,510.00 both for "Corporate Placement Fee."

32. All above-referenced invoices from Serendipity Labs to SLN are collectively attached hereto as Exhibit 3.

33. The Franchise Agreement does not define or otherwise contain any reference to "Other Partner Fee".

34. The Franchise Agreement does not define or otherwise contain any reference to "Corporate Placement Fee."

35. Upon information and belief, both the "Other Partner Fee" and "Corporate Placement Fee" are descriptions being used by Serendipity Labs for the Corporate Account Servicing Fee as defined and governed by the Franchise Agreement.  (*See* Exhibit 1 - Franchise Agreement at 3 (Definitions) and 29 (Section 12 – Corporate Account Programs)).

36. On or about April 6, 2020, counsel for SLN sent written demand (the "Demand Letter") to Serendipity Labs to immediately cease all deductions for a Corporate Account Servicing Fee and to refund all amounts taken from SLN as "Other Partner Fee" and "Corporate Placement Fee."  The demand letter is hereto attached as Exhibit 4.

37. Serendipity Labs did not respond to counsel's Demand Letter.

38. Despite the Demand Letter, Serendipity Labs continues to wrongfully take a monthly "Corporate Placement Fee" out of the funds paid by Amazon and owed to SLN for use of the Nashville Lab.

39. As of April 24, 2020, Serendipity Labs has wrongfully charged SLN approximately $113,985.00 in "Other Partner Fee" and "Corporate Placement Fee" despite the controlling provision of the Franchise Agreement regarding Corporate Account Servicing Fee.

## COUNT I
### (Breach of Contract)

40. SLN incorporates the allegations of Paragraphs 1 - 39 as is if recited herein verbatim.

41. Serendipity Labs has breached the express terms of the Franchise Agreement by charging SLN a monthly Corporate Account Servicing Fee when no such fee shall be payable as long as Amazon is obtaining business services from fewer than five (5) Serendipity lab locations.

42. The express terms of the Franchise Agreement may only be amended or changed in writing and executed by the parties to the Franchise Agreement.

43. No such written and executed document exists that alters or amends the Corporate Account Servicing Fee provision of the Franchise Agreement.

44. Serendipity Labs' breach of the Franchise Agreement has caused SLN monetary damages of approximately $113,985.00 as of April 24, 2020.

45. SLN is entitled to all costs of this legal action and any arbitration, including reasonable attorneys' fees, reasonable expenses of arbitration or litigation, and arbitration or court costs under Section 26.14 – Attorneys' Fees, Expenses and Costs of the Franchise Agreement.

## COUNT II
### (Conversion)

46. SLN incorporates the allegations of Paragraphs 1 - 45 as is if recited herein verbatim.

47. Serendipity Labs has wrongfully converted funds of SLN as impermissibly charged fees with the description of "Other Partner Fee" and "Corporate Placement Fee."

48. Serendipity Labs' continued taking of these funds, despite the demand to cease, demonstrates clear intent and defiance of SLN's legal right to the funds.

49. Serendipity Labs has wrongfully converted approximately $113,985.00 of SLN's funds as of April 24, 2020.

## COUNT III
### (Injunctive Relief)

50. SLN incorporates the allegations of Paragraphs 1 - 49 as is if recited herein verbatim.

51. SLN requests that this Court enter a preliminary injunction, to take effect and remain in effect for the duration of this case, or until further order of this Court. SLN requests the preliminary injunction prohibit Serendipity Labs from withholding any funds paid by Amazon and owed SLN as a "Corporate Account Servicing Fee", regardless of the description or name used by Serendipity Labs such as "Other Partner Fee", "Corporate Placement Fee" or any other name designation.

52. Under applicable law, SLN is entitled to preliminary injunctive relief if: (i) it is likely to prevail on the merits of its claims or has clearly raised sufficiently serious questions going to the merits; (ii) it could suffer an irreparable injury if the relief sought is withheld; and (iii) a

balance of the hardships and equities are in its favor. *Resolution Trust Corp. v. Elman*, 949 F.2d 624 (2d Cir. 1991).[2]

53. Each of these elements is met in this case. The proof is uncontroverted that Defendants have breached the Franchise Agreement because Defendants are charging a Corporate Account Servicing Fee even though Amazon is obtaining business services from fewer than five (5) Serendipity lab locations. In the absence of a written and executed document amending the Franchise Agreement as to the Corporate Account Servicing Fee, the likelihood that SLN will prevail on the merits of this case is great.

54. An injunction is necessary to prevent Serendipity Labs from wrongfully continuing to take a Corporate Account Servicing Fee out of funds that rightfully belong to SLN.

55. Granting the relief requested will not harm Defendants and will be equitable for all parties until final resolution of this matter as SLN is only requesting the monthly Corporate Account Servicing Fee be placed into an escrow account, approved by this Court, pending final resolution of this matter. Without such relief, Defendants will continue to take a Corporate Account Servicing Fee and deplete those funds which will exacerbate the damages in this matter and ultimately may render a final judgment in favor of SLN ineffectual.

56. Accordingly, for the reasons stated herein, SLN requests this Court, among other things, enter a preliminary injunction against Defendants, and their successors, assigns, agents, employees, attorneys, or anyone acting for or in concert with them enjoining them from withholding any funds from Amazon and owed to SLN as a Corporate Account Servicing Fee regardless of the description used such as "Other Partner Fee", "Corporate Placement Fee" or any

---

[2] The Franchise Agreement provides that it shall be governed by and construed in accordance with the laws of the State of New York. (*See* Exhibit 1 Franchise Agreement: Section 26 – Dispute Resolution, Subsection 26.1 – Choice of Law)

other name designation and that those funds be placed into an escrow account pending final resolution of this matter.

57. SLN shall provide prior notice to Defendants of any hearing on its request for injunctive relief.

## COUNT IV
## (Accounting)

58. SLN incorporates the allegations of Paragraphs 1 - 57 as is if recited herein verbatim.

59. SLN requests Defendants be ordered to provide a strict and total accounting for (i) all amounts received from Amazon pursuant to the Corporate Services Agreement for use of the Nashville Lab; (ii) all amounts deducted from the funds received from Amazon for use of the Nashville Lab; (iii) all amounts remitted by Defendants to SLN; and (iv) all fees, regardless of description or name, charged to SLN by Defendants.

60. Such an accounting is both necessary and warranted given the lack of transparency by Serendipity Labs for the charging of "Other Partner Fee" and "Corporate Placement Fee" which are not contained in any agreements between the parties.

## PRAYER FOR RELIEF

**WHEREFORE**, SLN requests the following relief:

a) That the Court grant SLN the injunctive relief as requested herein to, among other things, enjoin Defendants (and their agents and all parties acting by, through, or in concert with them) from withholding any funds from Amazon and owed to SLN for the Corporate Account Servicing Fee regardless of the description used such as "Other Partner Fee", "Corporate Placement Fee" or any other name designation and that those funds be placed into an escrow account pending final resolution of this matter; and

b) That the Court enter judgment in favor of SLN, against Defendants, jointly and severally, in the aggregate amount of no less than $113,985.00, plus all amounts that may come due while this Verified Complaint is pending, plus pre and post-judgment interest, other costs incurred under the Franchise Agreement, including costs incurred by SLN in pursuing this action, including reasonable attorney's fees and expenses; and

c) For all further, necessary and just relief which may be requested.

**Respectfully submitted,**

/s/ Pamela R. Lawrence
Pamela R. Lawrence
Georgia Bar No. 569713
**BUTLER SNOW LLP**
1170 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
(678) 515-5064 Telephone
(678) 515-5001 Facsimile
pamela.lawrence@butlersnow.com

***Attorneys for SLN 1 Partners LLC***

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of the laws of the United States of America that the following is true and correct:

1. My name is Dan McEwan, and I am over 18 years of age, and fully competent to make this affidavit. I have personal knowledge of the facts stated herein.

2. I am presently the managing member of SLN 1 Partners, LLC. Further, I am authorized to make this Affidavit on behalf of SLN 1 Partners, LLC.

3. I have read the Verified Complaint for Breach of Contract, Conversion, Injunctive Relief and Accounting filed in this matter and the facts stated therein are true and correct to the best of my knowledge.

_____
Dan McEwan
Managing Member of SLN 1 Partners, LLC